UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Shirley Walton,

    Plaintiff,

v.                                               Case No. 16-12518

Unum Life Insurance Company of       Sean F. Cox
America,                                  United States District Court Judge

    Defendant.
_____/

## ORDER
## ADOPTING 8/20/17 REPORT AND RECOMMENDATION

Plaintiff Shirley Walton filed this action against Defendant Unum Life Insurance Company of America in state court, alleging that it wrongfully denied her claim for life insurance benefits. Defendant removed the action to this Court.

Thereafter, the parties filed cross-motions for judgment, based on the administrative record. In her motion, Plaintiff argued that: 1) "'Evidence of Insurability' was Not Required Since Plaintiff Did Not Elect For Life Insurance Coverage in Excess of $25,000.00 for Mr. Walton" and 2) "Alternatively, Mr. Walton Was Not Suffering From a Critical Health Condition at the Time Plaintiff Elected Coverage." (D.E. No. 12 at Pg ID 926).

The cross- motions were referred to Magistrate Judge Steven Whalen for issuance of a report and recommendation under 28 U.S.C. § 636(b)(1)(B).

On August 20, 2017, Magistrate Judge Whalen issued a Report and Recommendation (D.E. No. 14) (the "R&R") wherein he recommends that this Court grant Defendant's motion and deny Plaintiff's motion.

1

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R.

To properly object to a magistrate judge's report and recommendation, however, the objecting party must do more than simply restate the arguments set forth in that party's motion for summary judgment:

> As an initial matter, to properly object to the R&R, Plaintiff must do more than merely restate the arguments set forth in her summary judgment motion. *See Owens v. Comm'r of Soc. Sec.,* 1:13-47, 2013 WL 1304470, a *3 (W.D. Mich. Mar. 28, 2013) (indicating that the "Court is not obligated to address objections [which are merely recitations of the identical arguments made before the magistrate judge] because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations") (emphasis in original); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan,* 806 F. Supp. 380, 382 (W.D. N.Y. 1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"); *Nickelson v. Warden*, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition.").

*Senneff v. Colvin,* 2017 WL 710651 (E.D. Mich. Feb. 23, 2017); *see also Owens, supra*, at *3 (explaining that "objections" that simply rehash the arguments presented to and rejected by the magistrate judge "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.").

Here, Plaintiff filed Objections to the R&R on August 31, 2017, wherein she: 1) "Objects to the Magistrate's Finding that the 'Evidence of Insurability' is Separate from the 'Delayed Effective Date of Coverage'"; and 2) "Alternatively, Plaintiff Objects to the Magistrate's Finding That Mr. Walton Was Suffering From a Critical Health Condition at the Time Plaintiff Elected Coverage." (D.E. No. 15 at Pg ID 964 & 966). Thus, in stating her objections to the

2

R&R, Plaintiff essentially restates the same arguments presented to the magistrate judge in Plaintiff's motion.

This Court concludes that Magistrate Judge Whalen properly considered, and rejected, Plaintiff's argument that the delayed effective date provision did not apply:

> Plaintiff also argues that because a policy valued at $25,000.00 or less did not require proof of insurability, the delayed effective date provision did not apply, and she is entitled to benefits regardless of whether Mr. Walton had a pre-existing life threatening condition on July 1st. That argument is without merit. Again, ERISA plans are reviewed subject to principles of contract law, and "ERISA plans, like all contracts, must be read as a whole." *Candeub v. Blue Cross Blue Shield of Michigan*, 577 F.Supp.2d 918, 933 (W.D. Mich. 2006). The delayed effect date provision regarding life-threatening-conditions is unambiguous, and is separate from and not dependent upon the provision for proof of insurability. The Policy's Enrollment Form contained the following acknowledgment, signed by the Plaintiff:
>
>> "I understand that any coverage I am requesting is subject to all the terms of the policy including any exclusions, and provisions requiring the submission of Evidence of Insurability and approval by Unum, *and* any provision specifying a Delayed Effective Date in the event that I am absent from work or an eligible dependent is totally disabled on the date coverage would otherwise begin." (AR 28). (Emphasis added).
>
> This acknowledgment makes clear that evidence of insurability is a separate from the issue of a delayed effective date of coverage, that is, whether at the time of the purported effective date, a dependent is totally disabled as the result of having a life threatening condition.
>
> I appreciate that my recommendation to grant summary judgment to Unum is a bitter pill for Plaintiff to swallow. If she is like most people, she probably did not read or understand all of the provisions of the Policy, including the delayed effective date provision, and may have assumed that not having to provide proof of insurability for a $25,000.00 policy guaranteed coverage notwithstanding her husband's medical condition. But looking at the Policy as a whole, as we must, it unambiguously supports Unum's decision to deny benefits because Mr. Walton had a life-threatening condition on July 1, 2015, and that condition persisted until his death in August of 2015.

(R&R at Pg ID 952-53). The Court concurs with the magistrate judge's analysis and conclusion.

3

The magistrate judge also analyzed, and properly rejected, Plaintiff's alternative position that the decedent was not suffering from a critical health condition at the time Plaintiff elected the coverage. (*See* R&R at Pg ID 951-52). The Court concurs with the magistrate judge's analysis and conclusion.

Accordingly, the Court ADOPTS the magistrate judge's August 20, 2017 R&R.

IT IS FURTHER ORDERED that: 1) Plaintiff's motion is DENIED; 2) Defendant's motion is GRANTED; and 3) this action is DISMISSED.

IT IS SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: September 20, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 20, 2017, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager